UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

TONY MANCUSO                                         CASE NO. 2:21-CV-03947

VERSUS                                               JUDGE JAMES D. CAIN, JR.

STARR SURPLUS LINES INSURANCE CO   MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion to Quash and Motion for Protective Order [doc. 107] filed by defendant Starr Surplus Lines Insurance Company ("Starr"), relating to a subpoena duces tecum issued by plaintiff Tony Mancuso, in his official capacity as Calcasieu Sheriff and Tax Collector ("CPSO") to Starr's consultant Ensolum LLC. CPSO opposes the motions. Doc. 122.

### I.
#### BACKGROUND

This suit arises from damage to property owned by CPSO, a political subdivision of the state of Louisiana, in Hurricanes Laura and Delta. At all relevant times the property was insured under a surplus lines policy issued by Starr. CPSO filed suit in this court on November 12, 2021, alleging that Starr had failed to timely or adequately compensate it for covered losses. Doc. 1. Accordingly, it raised claims of breach of insurance contract and bad faith under Louisiana law. The matter is set for jury trial before the undersigned on April 22, 2024. Doc. 58.

Starr now brings a motion to quash and motion for protective order, relating to a subpoena duces tecum issued by CPSO to Ensolum, LLC ("Ensolum"). Ensolum was retained by Starr's adjuster "primarily to address the water damage at the men's and women's prisons" and Starr has designated its principal, Jacob Colson, as an expert witness in this matter. Doc. 122, p. 1. Through the subpoena CPSO seeks, *inter alia*, documents related to Ensolum's work for a mitigation contractor hired by Calcasieu Parish School Board in another Hurricane Laura case that Starr was not involved in. Doc. 107, att. 3. Starr moves to limit discovery into Ensolum's work for the school board, arguing that CPSO is conducting a fishing expedition. Doc. 107. CPSO opposes the motion. Doc. 122.

## II.
## LAW & APPLICATION

### A. Governing Law

"Absent a personal right or privilege with respect to the subpoenaed materials a party generally does not have standing to quash a subpoena duces tecum issued to a third party . . . ." *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F.Supp.3d 613, 618 (E.D. La. 2022). A party may, however, move for a protective order under Rule 26(c) to limit the discovery sought against a non-party. *Bounds v. Capital Area Family Violence Intervention Ctr.*, 314 F.R.D. 214, 219 (M.D. La. 2016). Rule 26 sets a broad scope for discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

> benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Courts must limit the frequency or extent of discovery if they determine that (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, and less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The court should also limit discovery that is not proportional to the needs of the case. *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. Dec. 7, 2015) (citing *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)). Finally, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The trial court has broad discretion in setting the terms of a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### B. Application

Starr asserts that the subpoena to Ensolum amounts to a fishing expedition, because Starr does not insure Calcasieu Parish School Board and had no involvement in that claim. It further notes that Ensolum's work for the school board was limited to asbestos assessment for the school board's contractor. CPSO has a pending *Daubert* challenge against Ensolum's principal, Jacob Colson. Doc. 115. In the event the court denies the

motion, CPSO will still attempt to challenge his methodology on cross-examination.[1] Accordingly, it maintains that the discovery sought is within the scope of Rule 26(b)(1). The court agrees. While the nature of Ensolum's work for the school board appears to be of a different nature from its work in this case, the discovery sought is limited to one other project in close temporal proximity to Ensolum's work for CPSO. Ensolum's work for the school board may prove relevant to CPSO's ability to challenge Mr. Colson's fidelity to standard practices. Accordingly, there is no basis for quashing the subpoena. This ruling, however, has no bearing on the evidence's ultimate admissibility at trial.

### III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Quash and Motion for Protective Order [doc. 107] be **DENIED**. **IT IS FURTHER ORDERED** that Ensolum LLC respond to the subpoena within **five business days** of this order.

**THUS DONE AND SIGNED** in Chambers on the 5th day of April, 2024.

                              JAMES D. CAIN, JR.
                        UNITED STATES DISTRICT JUDGE

---

[1] Namely, CPSO alleges that Mr. Colson improperly altered moisture readings taken at CPSO's prison complex. Doc. 122.